## Fink, Appellant, *v.* Van Fossen.

*Deeds—Evidence—Parol evidence.*

On a bill in equity to cancel a deed, it appeared that at the time the bill was filed both grantor and grantee were dead. The grantor was the uncle of the grantee, and survived the grantee several years. There was evidence offered as to conversations between the parties to the effect that the grantee was to support and maintain the grantor, but these conversations were not connected closely enough with the execution of the deed to make them part of the res gestae. There was evidence that the grantee in his last illness said to the grantor, " I cannot live to fulfill my contract—you will have to take your property into your own hands." It did not appear that the grantor took any steps to regain the property, and when he died it still stood in the grantee's name. *Held,* that the evidence was insufficient to sustain a cancelation of the deed in favor of the heirs of the grantor.

Argued April 13, 1903. Appeal, No. 244, Jan. T., 1902, by plaintiff, from decree of C. P. Luzerne Co., Feb. T., 1901, No. 5, dismissing bill in equity in case of Frank Fink et al. v. Franklin E. Van Fossen, Guardian of Lucy May Kicherer. Before MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Bill in equity to cancel a deed.

FERRIS, J., found the facts to be as follows :

1. On and before September 18, 1883, Thomas Fink was the owner in fee of the land described in the plaintiff's bill. On that date, he, with his wife, executed and delivered to Frank Kicherer a deed in fee simple therefor, which was duly recorded October 25 of the same year. A money consideration of $2,000 was mentioned in the deed, and a separate receipt for the same was indorsed upon and recorded with that instrument.

2. That said Frank Kicherer died on April 3, 1890, intestate, leaving to survive him a widow, now Nora Van Fossen, and one child, Lucy Kicherer, a minor, who now has as her guardian Franklin E. Van Fossen, who is the defendant in this suit.

3. There is no evidence of what took place at the time of the execution of the deed in question other than that afforded by the document itself; nor is there any evidence that the purchase money was not paid in cash or some agreed upon equivalent therefor, nor that the execution of the deed was induced by fraud or undue influence, nor any from which those facts or either of them could be fairly inferred.

4. The grantee Kicherer, at the date of the deed and prior thereto, resided with the grantor, Fink, who was his uncle, and they continued to reside together on the farm in question, each of them doing work thereon, until Kicherer's death in 1890. After his death Fink and his wife continued to occupy the premises until they died in 1900. There is no evidence that the relations between Kicherer and Fink and his wife during the seven years that elapsed from the date of the deed to that of the former's death were otherwise than harmonious and affectionate, or that any complaints were made by either Fink or his wife that Kicherer failed in any way in the performance of any duty toward them, whether such duty arose from contract or otherwise.

5. After the date of the deed both Fink and Kicherer treated the property as belonging to the latter. Kicherer made improvements upon it, and it was assessed in his name from 1884 to 1890, inclusive, and in the name of his " estate " from 1891 to 1897, both inclusive, and from 1889 to 1900, both inclusive, it was assessed in the individual name of Thomas Fink, who was at that time guardian of the estate of Lucy M. Kicherer, the child and heir of Frank Kicherer. There is no evidence as to how or why the assessment was so changed.

6. Thomas Fink admitted at several times to certain witnesses who testified at the trial, that the ownership of said farm was in Frank Kicherer during his lifetime, and was in his only child and heir at law, Lucy M. Kicherer, after the death of her said father.

7. Thomas Fink in his lifetime took no legal steps to annul

the said deed, nor was any written evidence produced at the trial tending to show that Kicherer took or at any time held this farm in trust from Thomas Fink or any other person, nor was there any written evidence tending to vary or modify in any way the effect of the deed as an absolute conveyance in fee simple upon a good and sufficient consideration; nor is any such trust relation, or such variance or modification of the deed shown by the clear, precise and indubitable testimony of two witnesses or of one with proof of corroborating circumstances equivalent to the testimony of a second witness. On the contrary, the weight of the oral evidence sustains the deed as an absolute conveyance according to its terms.

Testimony was given tending to show that Kicherer, shortly before his death and while in the extremity of his last illness, said, in effect, that the farm should revert to Fink, because he (Kicherer) could not live to fulfill his contract. What that contract was does not appear. The plaintiffs, however, contend that it was an understanding on the part of Kicherer to provide for the support of Fink and his wife during their joint lives and the life of the survivor and for their suitable burial after death. It is not shown, or even alleged, that this agreement, if there was one, was ever reduced to writing. Some evidence has been given, though of a vague and unsatisfactory character, of declarations tending to show the existence of some such understanding and upon this evidence it is sought to build up a theory that a trust ex malificio arose in favor of Fink and his wife. The evidence is wholly insufficient to establish this claim.

*Error assigned* was decree dismissing the bill.

*W. H. Hines*, for appellants.

*Samuel L. Fedder* and *James M. Fritz*, for appellee.

PER CURIAM, May 25, 1903:

The learned judge below found as a fact that " there is no evidence of what took place at the time of the execution of the deed in question other than that afforded by the document itself; nor is there any evidence that the purchase money was

not paid in cash or some agreed upon equivalent therefor, nor that the execution of the deed was induced by fraud or undue influence, nor any from which those facts or either of them could be fairly inferred."

It is objected to this finding by the appellant that it is incorrect because there was evidence as to conversations between Fink and his grantee, Kicherer, as to the terms on which the conveyance was to be made. The witness stated that the conversation to which he testified was " just before " the execution of the deed, but on cross-examination he said it was " along through the summer, towards fall, I don't remember the date." The deed was made on September 18, and the conversation testified to was not connected closely enough with the execution to make it part of the res gestæ or sufficient to vary the terms of the writing.

Appellant further calls attention to the declarations of Kicherer in his last sickness to Fink: " I cannot live to fulfil my contract—you will have to take your property into your own hands," etc. The utmost that these declarations amount to is that Kicherer thought Fink had a right to rescind the conveyance. Whether in view of the act of 1856, and the absence of any evidence of fraud, Fink had any such right or not, we need not consider. Conceding for argument sake that he had, he chose not to enforce it. The judge found on this point that " after the date of the deed both Fink and Kicherer treated the property as belonging to the latter; Kicherer made improvements upon it, and it was assessed in his name from 1884 to 1890, inclusive, and in the name of his ' estate ' from 1891 to 1897, both inclusive, and from 1889 to 1900, both inclusive, it was assessed in the individual name of Thomas Fink, who was at that time guardian of the estate of Lucy M. Kicherer, the child and heir of Frank Kicherer. There is no evidence as to how or why the assessment was so changed."

This finding disposes of any claim the appellants as heirs of Fink might have to do in his right what he clearly refused to do for himself.

Decree affirmed with costs.